O’Neall J.
delivered the opinion of the Court.
The 4th paragraph of the 8th section, art. 1, of the Constitution of the United States, provides that Congress shall have the power “ to establish an uniform rule of naturalization, and uniform laws on the subject of bankruptcies, throughout the United States.” In 1802, Congress passed an Act to establish an uniform rule of naturalization, and to repeal the Acts heretofore passed on that subject, which amongst other conditions to the admission of an alien to the rights of citizenship, prescribes “ that he shall, at the time of his application to be admitted, declare on oath, before some of the Courts aforesaid, that he will support the Constitution of the United'States, and that he doth absolutely and entirely, renounce and abjure all allegiance and fidelity to every foreign Prince, Potentate, State or Sovereignty whatever, and particularly by name the Prince, State or Sovereignty whereof he was before a citizen or subject.” 2 Story Laws U. S. 850.
The petitioner, who had complied with all the other requisites of the Act of Congress, offered at the time of his application to be admitted, to make the declaration on oath required by it: but the presiding judge thought he must also take an oath of allegiance to the State. This he declined to do, and his application was on that account dismissed. The question now, is whether the presiding judge had a right to administer an additional oath to the petitioner.
In passing upon this petition, it may be useful to premise that we have nothing to do .with the consequences of the oath required by the act of Congress. We are only to declare what the law is— not the obligation which the law imposes. It is, perhaps, due, however, to the occasion to say, that I entertain no doubt, that an alien, when admitted to be a citizen, acquires all the rights, (except that of being elected President) and incurs all the obligations of a native citizen.
He owes precisely the same allegiance, and must,' in the same manner, discharge the duties consequent upon nativity and residence, to the State or the United States.
r. K 339,34o.
p.l. «3.
FausE,273.
Acts, 5D, 6o.
rPhe power to establish a uniform rule of naturalization, is, in the express words of the Constitution of the United States, granted to Congress : and the act Congress of 1802, was passed in pursuance of that power. The oath prescribed by it, was the only one which could be required to be taken as a prerequisite to the admission of the petitioner, so far as the legislation of Congress affects this question.
is there any law of the State, which required any other additional oath to be administered ? It is perfectly clear, on examining our Statute Book, that there is none.
The orders referred to by the Judge, below, were the oaths of office, prescribed by the old Constitutions, and not of citizenship. These were superseded by the oath of office of our new Constitution.— The act of 1784, was repealed by the act of 1786, which is an act, not to naturalize, but to confer on aliens some of the rights of denizens ; its provisions are substantially enactments, granting the rights and privileges of citizenship to aliens. The act of 1788, merely provides means whereby it might be ascertained, and a record preserved of such aliens as had been naturalized before the adoption of the Federal Constitution.
The act of 1799, grants the rights and privileges of denizens to aliens, upon taking and subscribing an oath or affirmation of “allegiance.” The act of 1807, is in direct affirmation of the act of Congress, as having established the only rule of naturalization, recognized or required by this State. For the provision of the act provides, “that every alien, previously to his or her being entitled to avail him or herself of any of the benefits of this act, shall declare his or her intention to become a citizen of the United States, agreeably to the act of Congress in such case made and provided.”
From this review of the legislation of the State, it is most manifest, that there is no law of the State which requires that an alien, upon being admitted, a citizen, should take an oath of allegiance to the State.
*145 From the adoption of the Federal Constitution, Somh-Carolina, true to her principles of fidelity to it, has never attempted to interfere with the naturaliza-ÍÍOn Of aliens.
The oath prescribed by the act of Congress, is the only one which any law requires to be taken by an alien on becoming a citizen : the motion to reverse the decision of the Judge below is therefore granted.
Johnson & Harper Js. concurred.